# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of the COMPLAINT of William Martz and Jane Martz, as owners of a Nautique vessel, for Limitation of Liability | Case No. 3:20-cv-00152-SLG |

## ORDER RE MOTION FOR INJUNCTION PENDING APPEAL

Before the Court at Docket 44 is Limitation Plaintiffs' Motion for Injunction Pending Appeal. Claimant responded in opposition at Docket 50. Limitation Plaintiffs replied at Docket 51.

## BACKGROUND

The Court set out the facts of this case in detail in its order on summary judgment at Docket 39. Briefly, Limitation Plaintiffs' son was operating their vessel when it collided with an inflatable raft being towed by Claimant Andrew Horazdovsky resulting in the death of his wife, Jennifer Horazdovsky.[1] From June through December of 2018, attorneys for Claimant sent a series of e-mails and letters to the Martzes concerning the accident.[2] Then, on June 4, 2020, Claimant initiated an action in Alaska Superior Court bringing several claims against

---

[1] Docket 1 at 3, ¶¶ 7–10.

[2] Docket 39 at 4–8 (Summary Judgment Order) (summarizing correspondence).

Limitation Plaintiffs, among others, arising under state tort law and federal maritime and admiralty law.³  On June 25, 2020, Limitation Plaintiffs commenced this action for limitation of liability, seeking to enjoin any action against them arising from the collision and to confine any resulting liability to the value of their interest in the vessel, which they estimate as $15,000.⁴

On June 30, 2020, finding that Limitation Plaintiffs had complied with the procedural requirements necessary to initiate an action to limit liability pursuant to 46 U.S.C. § 30511, the Court appointed a Trustee to hold title to the vessel and enjoined all claims against Limitation Plaintiffs and their property that were subject to limitation, including those claims in the state court action.⁵  The parties filed cross-motions for summary judgment and the Court heard oral argument on the motions on September 3, 2020.⁶  On November 3, 2020, the Court granted summary judgment to Claimant Andrew Horazdovsky after concluding that Limitation Plaintiffs had failed to file for limitation of liability in a timely fashion.⁷

---

³ Docket 1 at 3–4, ¶ 11; *see also* Docket 1-1 (Horazdovsky Complaint).  The action in state court is *Horazdovsky v. Martz, et al.*, Case No. 3AN-20-06488CI.

⁴ Docket 1 at 6; Docket 1 at 4, ¶ 13.

⁵ Docket 17 at 5.  *See In re Complaint of Moog*, Case No. 3:19-cv-00030-DCN, 2019 WL 3849152, at *3 (D. Idaho Aug. 14, 2019); *see also* 46 U.S.C. § 30511(c) ("When an action has been brought under this section . . . all claims and proceedings against the owner related to the matter in question shall cease); Fed. R. Civ. P. Supp. R. F(3) ("On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.").

⁶ Docket 37.

⁷ Docket 39 at 29–30.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 2 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 2 of 15

The Court concluded that Claimant's correspondence constituted a notice of a claim, and accordingly, that Limitation Plaintiffs had failed to commence the action "within 6 months after a claimant gives the owner written notice of a claim" as required by 46 U.S.C. § 30511(a).[8] The Court vacated its June 30, 2020 injunction and entered a final judgment.[9] Limitation Plaintiffs filed a Notice of Appeal to the Ninth Circuit and now ask this Court for an injunction pending appeal.[10]

## LEGAL STANDARD

Limitation Plaintiffs' motion is primarily governed by Federal Rule of Civil Procedure 62(d), which provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."[11]

Motions for relief under Rule 62(d) are evaluated using the traditional four-factor test for a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially

---

[8] Docket 39 at 27–28.

[9] Docket 39 at 30; Docket 40 (Judgment).

[10] Docket 43 (Notice of Appeal); Docket 44 (Motion for Injunction Pending Appeal).

[11] Fed. R. Civ. P. 62(d).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 3 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 3 of 15

injure the other parties interested in the proceeding; and (4) where the public interest lies."[12]  "There is substantial overlap between these and the factors governing preliminary injunctions; not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined."[13]

The first factor can be satisfied by a showing of "a strong likelihood of success on appeal" or the existence of "serious legal questions."[14]  Where the movant has only established serious questions, they must show that the balance of hardships tips sharply in their favor.[15]  "Serious questions are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'"[16]  They "need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance on the merits.'"[17]  The burden is heavier with respect to the second factor, as the movant

---

[12] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009) (discussing four-factor test).

[13] *Nken*, 556 U.S. at 434 (citation omitted); *see also Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) ("The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction.").

[14] *Leiva-Perez v. Holder*, 640 F.3d 962, 966–68 (9th Cir. 2011) (summarizing different articulations of first factor standard).

[15] *Id.* at 970.

[16] *Gilder v. PGA Tour, Inc.,* 936 F.2d 417, 422 (9th Cir. 1991) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)).

[17] *Id.* (quoting *Republic of the Philippines*, 862 F.2d at 1362).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 4 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 4 of 15

must show that "irreparable injury is the more probable or likely outcome."[18] "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest."[19] The Ninth Circuit has emphasized that "'[t]he first two factors . . . are the most critical,' and the last two steps are reached '[o]nce an applicant satisfies the first two factors.'"[20]

Ultimately, an injunction pending appeal is an exercise of judicial discretion; it is an extraordinary remedy and depends on the circumstances of the particular case.[21]

## DISCUSSION

Limitation Plaintiffs contend that the Court should reinstitute its injunction while their appeal is pending on either of two grounds: (1) because 46 U.S.C. § 30511(c) contemplates that an injunction remain in place as long as an action is

---

[18] *Leiva-Perez*, 640 F.3d at 968.

[19] *Nken*, 556 U.S. at 435.

[20] *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) (alterations in original) (citation omitted) (quoting *Nken*, 556 U.S. at 434, 435).

[21] *United States v. Mitchell*, 971 F.3d 993, 999 (9th Cir. 2020) (characterizing stay pending appeal as an "extraordinary remedy"); *Washington*, 847 F.3d at 1164; *Alliance for the Wild Rockies v. Kruger*, 35 F. Supp. 3d 1259, 1270 (D. Mont. 2014) ("This maxim carries particular significance when a plaintiff seeks an injunction pending appeal following the court's resolution of the case and its dissolution of a preliminary injunction . . . .").

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 5 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 5 of 15

pending and/or (2) because they can establish all four elements for an injunction pending appeal under Rule 62(d).[22] The Court will address each in turn.

Injunction pursuant to 46 U.S.C. § 30511

Limitation Plaintiffs contend that an injunction pending appeal is mandatory where, as here, the Court determined that the statutory requirements of 46 U.S.C. § 30511 were met.[23] They contend that the injunction should be put back in place since the action is ongoing for as long as the appeal is pending.[24] Claimant responds that Limitation Plaintiffs cite no authority for their position and contends that this Court correctly vacated the injunction in light of its dismissal of the case.[25]

46 U.S.C. § 30511 provides that an "action must be brought within 6 months after a claimant gives the owner written notice of a claim" and that "[w]hen an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease."[26] Although this Court previously issued an injunction, finding that Limitation Plaintiffs had complied with the necessary procedural requirements,[27] it

---

[22] Docket 45 at 9.

[23] Docket 45 at 19–20.

[24] Docket 45 at 20; Docket 51 at 5–7.

[25] Docket 50 at 2–3.

[26] 46 U.S.C. § 35011(a).

[27] Docket 17 at 4–5.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 6 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 6 of 15

has since found that Limitation Plaintiffs' action was untimely.[28] Effectively, this Court has concluded that Limitation Plaintiffs had not brought a viable action under the statute. The Court's conclusion aligns with Supplemental Rule F of the Federal Rules of Civil Procedure: that rule provides for an injunction "[u]pon compliance by the owner with the requirements of subdivision (1) of this rule," which in turn requires that the vessel owner file a complaint "[n]ot later than six months after receipt of a claim in writing."[29] Because the Court found that Limitation Plaintiffs did not satisfy this six-month filing requirement, they are not in compliance with the requirements of the rule, and are not entitled to an injunction under the statute.

Moreover, Limitation Plaintiffs' position that the injunction is mandatory under the Limitation Act for so long as an action is pending on appeal is directly at odds with decisions both of the Supreme Court and the Ninth Circuit holding that "district courts . . . have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court."[30]

<u>Injunction pursuant to Rule 62</u>

Alternatively, Limitation Plaintiffs contend that they are entitled to an injunction pending appeal under Rule 62.

---

[28] *See generally* Docket 39.

[29] Fed. R. Civ. P. Supp. F(1), (3).

[30] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001) (summarizing circumstances in which an injunction of state court proceedings is unjust); *Ross Island Sand & Gravel v. Matson*, 226 F.3d 1015, 1017 (9th Cir. 2000) ("A district court, as a general rule, enjoys broad discretion to decide whether to dissolve an injunction under the Limitation of Liability Act.").

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 7 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 7 of 15

### 1. Likelihood of Success on the Merits

Limitation Plaintiffs maintain that there is a strong likelihood that the Ninth Circuit will hold that the limitation period for filing was not triggered until Claimant filed an action in state court.[31] They contend that the Court erred in its interpretation of Claimant's correspondence and maintain that "[n]o court has found sufficient notice in similar circumstances."[32] They add that they need only show "serious questions" going to the merits because the equities tip sharply in their favor and that serious questions "abound," not least because the Ninth Circuit has never addressed the question of what constitutes notice of a claim under the Limitation of Liability Act.[33]

Claimant disputes that Limitation Plaintiffs have shown either a likelihood of success on the merits or serious questions.[34] He acknowledges that the Ninth Circuit has not weighed in on the correct test to determine the adequacy of a written notice of a claim, but maintains that the correspondence in this case "satisfies all the elements of any existing test."[35]

---

[31] Docket 45 at 12.

[32] Docket 45 at 11–12.

[33] Docket 45 at 13. Limitation Plaintiffs identify other questions arising from the specific facts of the correspondence. Docket 45 at 13.

[34] Docket 50 at 3–4.

[35] Docket 50 at 4.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 8 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 8 of 15

The Court finds that Limitation Plaintiffs have not shown a likelihood of success on the merits. In its order on summary judgment, this Court applied the "reasonable possibility" test, which has been adopted in one form or another by several Circuit Courts.[36] The Court considered the substance and style of the parties' correspondence, as well as its broader context, before concluding that it provided sufficient notice of a claim.[37] In challenging the Court's order in this motion, Limitation Plaintiffs rely heavily on the requirements of the so-called *Moreira/Richardson* test, which requires that a notice of a claim include a demand of right.[38] The Court expressly declined to adopt this test, finding its rigidity unsuitable for the fact-intensive inquiry into what constitutes a notice of a claim, and noting that the Eleventh Circuit has characterized the test as having "fallen into desuetude."[39]

Nevertheless, the Court recognizes that there exist several tests for determining what constitutes a notice of a claim under the Limitation of Liability Act as well as an absence of controlling Ninth Circuit authority. Accordingly, the Court

---

[36] Docket 39 at 21–23 (describing tests adopted by the Second, Fifth, Seventh, and Eleventh Circuits).

[37] Docket 39 at 23–29.

[38] Docket 45 at 10–11 ("A notice of claim must communicate that the claimant will demand something from the person receiving the notice."); Docket 51 at 10 ("They'll be hard pressed, for example, to show where in their lawyers' correspondence they made a '*demand* of a right or supposed right. . . .'").

[39] *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1331 (11th Cir. 2019) (discussing *Rodriguez Moreira v. Lemay*, 659 F. Supp. 89, 91 (S.D. Fla. 1987)).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 9 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 9 of 15

assumes for purposes of this motion that Limitation Plaintiffs have raised serious questions going to the merits.

### 2. Likelihood of Irreparable Harm

Limitation Plaintiffs contend that, absent an injunction, they will suffer three distinct harms. First, they contend that they will suffer financial hardship from ongoing litigation costs as well as from a potential judgment in state court. They acknowledge that costs are not typically considered irreparable harm, but emphasize that they would suffer the loss of immunity from such costs that the Limitation of Liability Act provides.[40] Second, Limitation Plaintiffs contend they will suffer intangible injury to their peace of mind from the ongoing suit, which they allege might result in "ruinous liability."[41] Third, they contend they will potentially endure irreparable harm to their right to relief on appeal; they speculate that the state court action could reach a verdict before the Ninth Circuit resolves the appeal thereby potentially rendering moot their appeal.[42]

Claimant disputes that Limitation Plaintiffs will face financial hardship, emphasizing that they have not provided any evidence by way of affidavit or otherwise of the financial impact of the pending litigation.[43] He contends that,

---

[40] Docket 45 at 15–16.

[41] Docket 45 at 16–17.

[42] Docket 45 at 17.

[43] Docket 50 at 6.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 10 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 10 of 15

whether consciously or not, Limitation Plaintiffs accepted the risks associated with not promptly filing a limitations action and cannot claim irreparable harm from the resulting impact on their peace of mind.[44]

The Court finds that Limitation Plaintiffs have not shown that they will be irreparably harmed absent an injunction pending appeal. In the first instance, it is well established that a "claim of mere financial hardship does not establish irreparable harm,"[45] and that "litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."[46] Moreover, a "loss of peace of mind" likely always accompanies financial hardship, and yet this hardship is still not considered irreparable. The Court is not persuaded that the Limitation of Liability Act compels a different conclusion. To the contrary, because the Act "is not one of immunity from liability but of limitation," Limitation Plaintiffs would have faced litigation costs and potential financial repercussions from the action in state court—as well as the corresponding loss of peace of mind—regardless of whether they prevailed on their limitations claim.[47] Finally, the Court finds it

---

[44] Docket 50 at 7–8.

[45] *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992). This is not an instance where the plaintiffs have provided "detailed information to show that they are living in dire circumstances," warranting a departure from the standard rule. *See, e.g., Calvillo Manriquez v. Devos*, 345 F. Supp. 3d 1077, 1107 (N.D. Cal. 2018).

[46] *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 735 n.20 (9th Cir. 2017) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974)).

[47] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 451 (2001) (quoting *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957)).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 11 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 11 of 15

unlikely that the state court will render a judgment before the Ninth Circuit resolves the appeal. Regardless, the Ninth Circuit is in the better position to determine whether or not it can decide the appeal before judgment is rendered in the state court proceedings.[48]

### 3. Balance of Equities & the Public Interest

Limitation Plaintiffs contend that an injunction would cause "minimal" harm to Claimant, who could still obtain relief if he ultimately prevails on appeal, albeit with a delay.[49] They maintain that, in contrast, the harm to them from denying injunctive relief would be "substantial" as they face not only a potential judgment but also litigation expenses, which they would be unable to recoup.[50] Limitation Plaintiffs further contend that the public has an interest in "seeing a statute's objectives served."[51]

Claimant responds that an injunction "weighs seriously against [the Horazdovskys'] right to pursue their claims against parties responsible for their loss

---

[48] Fed. R. Civ. P. 62 provides that it "does not limit the power of the appellate court . . . to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending." *See In re Complaint of Three Buoys Houseboat Vacations, Ltd*., 691 F. Supp. 182, 183 (E.D. Mo. 1988) (reasoning that "[i]n the unlikely event that the state actions are set for trial prior to adjudication of plaintiff's appeal, plaintiff may file a motion for restoration of the injunction in the Court of Appeals").

[49] Docket 45 at 14. Limitation Plaintiffs add that this delay would be compensated by prejudgment interest. Docket 45 at 14.

[50] Docket 45 at 15.

[51] Docket 45 at 18.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 12 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 12 of 15

. . . ."[52] He further contends that the public interest is not served by an injunction; he maintains that the Limitation of Liability Act protects a very small class of individuals.[53]

Because Limitation Plaintiffs have made only the lesser showing of serious questions going to the merits, they must also show that "the balance of hardships tips *sharply* in [their] favor."[54] As discussed *supra*, the Court is not persuaded that Limitation Plaintiffs will likely suffer irreparable harm in the absence of an injunction. Nor have they otherwise shown that the balance of equities tips sharply in their favor; at most, they have demonstrated that absent injunctive relief, they will incur litigation costs and possibly a judgment in excess of the value of their vessel. In contrast, an injunction will significantly harm Claimant: "a continuation of the stay would harm the claimant's interests by interfering with the ongoing discovery process . . . the parties should be permitted to continue with discovery in state court," especially where, as here, there are multiple defendants in the state court action.[55]

---

[52] Docket 50 at 5.

[53] Docket 50 at 8–9.

[54] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

[55] *In re Complaint of Three Buoys Houseboat Vacations, Ltd*., 691 F. Supp. 182, 183 (E.D. Mo. 1988). *See* Docket 1-1 at 2–3.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 13 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 13 of 15

The Supreme Court has grappled with the tension inherent between a claimant's right to seek relief in state court pursuant to the saving to suitors' clause in the jurisdictional statute and a vessel owner's right to seek limitation of liability under the Limitation Act.[56] The Supreme Court concluded that in some circumstances, it is "just" to allow the action in state court to proceed to prevent transforming "the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights."[57] The Court finds that justice is best served here by denying an injunction pending appeal, which would prioritize Limitation Plaintiffs' right to pursue their limitation of liability claim—even though it was dismissed as untimely—at the expense of Claimant's right to pursue his state court remedies. Finally, the Court also finds that the public interest is best served by the prompt resolution of disputes.[58] Accordingly, the Court finds that the scope of relief sought by Limitation Plaintiffs is not warranted by the balance of equities or the public interest.[59]

---

[56] *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 450–51 (2001) (citing 28 U.S.C. § 1331).

[57] *Id.* at 449–51. *See also Jefferson Barracks Marine Serv., Inc. v. Casey*, 763 F.2d 1007, 1009 (8th Cir. 1985) (summarizing instances where Supreme Court held district court must not enjoin prosecution of claims in other courts so as not to "thwart[]" a claimant "in her attempt to employ her common law remedy in the state court").

[58] *See* Fed. R. Civ. P. 1. *See, e.g., Newton v. Shipman*, 718 F.2d 959, 963 (9th Cir. 1983) ("[M]ost often it has been found expedient to stay the limitation proceeding and try the liability issue first, thus preserving the possibility that a jury will find no liability or award less than the limitation fund and thereby moot the limitation proceeding.").

[59] Limitation Plaintiffs likely could resolve most of their concerns with a more narrowly crafted injunction—or a stipulation—precluding Claimant from executing on a state court judgment against Limitation Plaintiffs during the pendency of the Ninth Circuit appeal. *See Lewis*, 531

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 14 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 14 of 15

Because the Court finds that Limitation Plaintiffs have failed to satisfy the four-part test for obtaining an injunction pending appellate review, it will exercise its discretion to deny Limitation Plaintiffs' request.

## CONCLUSION

In light of the foregoing, Limitation Plaintiff's Motion for Injunction Pending Appeal at Docket 44 is DENIED.

DATED this 30th day of November, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

U.S. at 450 (explaining circumstances where "stipulations, in addition to other restrictions on the state court proceedings, ensured 'beyond doubt that [the owner's] right of limitation under the Act was fully protected'") (quoting *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957)) (alterations in *Lewis*); *see also Ross Island Sand & Gravel v. Matson*, 226 F.3d 1015, 1017–18 (9th Cir. 2000).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Motion for Injunction Pending Appeal
Page 15 of 15
Case 3:20-cv-00152-SLG   Document 53   Filed 11/30/20   Page 15 of 15