IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM AND JANE MARTZ, as owners of a Nautique vessel for Limitation of Liability, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ANDREW HORAZDOVSKY,<br><br>　　　　　　　　Defendant. | Case No. 3:20-cv-00152-SLG |

### ORDER RE APPLICATION FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT

Before the Court at Docket 75 is Plaintiffs' Application to Clerk for Entry of Default and at Docket 77 is Plaintiffs' Motion for Default Judgment. Defendant filed a response in opposition to both motions at Docket 79, to which Plaintiffs replied at Docket 81.

Plaintiffs sought entry of default against Mr. Horaadovsky, asserting that he had failed to file any claims in this action. They also sought entry of default against "all other possible claimants, known and unknown, who have not filed and served their claims and answers."[1] In an order dated October 21, 2022, this Court had ordered Mr. Horazdovsky "to file and serve his claims and answer to Plaintiffs' complaint on or before 30 days from entry of this order."[2] Although Mr.

---

[1] Docket 75 at 3.

[2] Docket 73.

Horazdovsky filed an answer to the complaint on November 11, 2022, he did not file his Notice of Filing Claims until December 21, 2022. But Mr. Horazdovsky maintains that his claim against Plaintiffs was served when he filed his complaint in the state Superior Court on June 9, 2020—a fact that he asserts was recognized by the Ninth Circuit Court of Appeals in its opinion.[3]

Plaintiffs reply that Supplemental Rule F(5) requires a filing distinct from an answer that "specif[ies] the facts upon which the claimant relies in support of the claim."[4] It was later that same day that Mr. Horazdovsky filed a Notice of Filing Claims, to which he appended a copy of the state court complaint from June 2020.

The entry of default or a default judgment against Mr. Horazdovsky and the claimants related to him is unwarranted in these circumstances. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[5]

Accordingly, the motions at Docket 75 and Docket 77 are DENIED.

DATED this 4th day of January, 2023, at Anchorage, Alaska.

                                  */s/ Sharon L. Gleason*
                                  UNITED STATES DISTRICT JUDGE

---

[3] Docket 79 at 4-5 n.8 (quoting *Martz v. Horazdovsky*, 33 F. 4th 1157, 1168 (9th Cir. 2022) ("Horazdovsky's state court complaint was the first written notice of a claim that the Martzes received.")).

[4] Docket 81 at 2 (quoting Fed. R. Civ. P. Supp. A.M.C. F(5)).

[5] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F. 3d 1085, 1091 (9th Cir. 2018) (internal quotes and citation omitted).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martz*
Order re Application for Entry of Default and Motion for Default Judgment
Page 2 of 2
Case 3:20-cv-00152-SLG   Document 84   Filed 01/04/23   Page 2 of 2