# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of the Complaint of William Martz and Jane Martz, as Owners of a Nautique Vessel, for Limitation of Liability | Case No. 3:20-cv-00152-SLG |

## ORDER ON LIMITATION PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES

Before the Court at Docket 78 is Limitation Plaintiffs William and Jane Martz's *Motion to Compel Discovery Responses*. The motion is opposed.[1] Oral argument was not requested and is not deemed necessary. For the reasons set forth in this order, the motion is granted in part and denied in part.

## BACKGROUND

William and Jane Martz initiated the present action in June 2020 under the Limitation of Liability Act of 1851 (46 U.S.C. §§ 30501–30512).[2] The Martzes' action seeks to limit their personal liability for tort and maritime claims claimant Andrew Horazdovsky has brought against them in Alaska state court, which is currently stayed.[3] Horazdovsky's state court action against the Martzes arises out

---

[1] Docket 83 (Opposition); Docket 87 (Reply).

[2] Docket 1 (Complaint).

[3] *See* Docket 1 at 3–4 (citing *Horazdovsky v. Martz*, No. 3AN-20-06488CI (Alaska Super. Ct. June 4, 2020)), Docket 60. Copies of the state court complaint may be found at Dockets 1-1 and 82-1. .

of the death of his wife, Jennifer Horazdovsky, who was struck and killed in June 2018 by a boat driven by the Martzes' son.[4]

Relevant here, the Martzes served Horazdovsky with written discovery requests on October 17, 2022.[5] Horazdovsky responded,[6] but the Martzes allege that his responses are "riddled with deficiencies."[7] The Martzes certify that the parties' attorneys have met and conferred regarding the discovery dispute but have been unable to resolve it.[8] They now seek an order compelling Horazdovsky to produce the requested discovery.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1),

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[4] Docket 1 at 3–4.

[5] Docket 78 at 6.

[6] *See* Dockets 78-2; 78-3.

[7] Docket 78 at 6.

[8] Docket 78 at 6–7; *see also* Dockets 78-4 through 78-8 (meet-and-confer correspondence).

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 2 of 12

Case 3:20-cv-00152-SLG   Document 105   Filed 02/16/23   Page 2 of 12

The proportionality requirement, added by an amendment to the rule in 2015, is intended "to permit discovery of that which is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery."[9]  Relevancy alone is, therefore, no longer sufficient to obtain discovery in the absence of proportionality.

## DISCUSSION

The Martzes' motion seeks to have the Court compel Horazdovsky to provide the following discovery:

1) The address of each location at which Andrew and Jennifer Horazdovsky were present beginning at 6:00 a.m. on June 8, 2018 until the collision, and the identification of every person who saw or spoke to Jennifer Horazdovsky in the 24 hours preceding the collision **(Interrogatory Nos. 1–3)**;

2) The identification of Jennifer Horazdovsky's medical care providers, counselors, therapists, pharmacists, and health insurance providers for the ten years before her death **(Interrogatory Nos. 4–5)**; and

3) Documents directly related to the damages claims in Horazdovsky's state court lawsuit against the Martzes, including medical records; billing

---

[9] *Crystal Lakes v. Bath & Body Works, LLC,* No. 2:16-cv-2989-MCE-GGH, 2018 WL 533915, at *1 (E.D. Cal. 2018) (citing John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31. 2015)), *order clarified sub nom. Lakes v. Bath & Body Works LLC*, No. 2:16-cv-2989 MCE GGH, 2018 WL 1071335 (E.D. Cal. Feb. 23, 2018).

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 3 of 12

Case 3:20-cv-00152-SLG   Document 105   Filed 02/16/23   Page 3 of 12

records; insurance benefits; federal, state, and city tax returns; employment and unemployment records; documents supporting claims of monetary expenses, property damages, and special damages; and authorizations to obtain medical and employment records **(Request for Production Nos. 4–14, 21–25, and 29–31)**.

The Court addresses each request in turn.

*A. Interrogatory Nos. 1–3*

In Interrogatory Nos. 1–3, the Martzes asked Horazdovsky to disclose "the identification of witnesses to Andrew and Jennifer Horazdovsky's activities and events leading up to the June 2018 collision, including the addresses of each location Mr. Horazdovsky and Ms. Horazdovsky visited on the date of the June 2018 collision and the identification of each person who saw or spoke with Ms. Horazdovsky in the twenty-four hours preceding the June 2018 collision."[10] The Martzes assert that this information is relevant because it may support a comparative negligence defense: "[T]he negligence of Mr. Horazdovsky and potentially others in causing the June 2018 collision is at issue in the liability phase, and the Martzes are entitled to discovery to support their position."[11]

---

[10] Docket 78 at 10–11. In point of fact, Interrogatories 1 and 2 seek information regarding the Horazdovskys' whereabouts beginning at 6:00 a.m. on the day before the collision. See Docket 78-2 at 3.

[11] Docket 78 at 11.

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 4 of 12

Case 3:20-cv-00152-SLG   Document 105   Filed 02/16/23   Page 4 of 12

Horazdovsky maintains that the information sought is irrelevant because "[t]he comparative negligence of Andrew Horazdovsky and others is not at issue in this case."[12] Horazdovsky reasons that any comparative negligence on his part is only relevant to his state court lawsuit, not to this case, because if he meets his initial burden under the Limitation of Liability Act to show that the Martzes caused his loss, then the only way the Martzes can limit their liability is by "proving [the Martzes' son's] conduct was outside their privity or knowledge," not by proving comparative negligence.[13]

The Martzes reply that Horazdovsky's potential comparative fault is relevant because it is "bound up" with whether the Martzes or their son are liable for Horazdovsky's alleged losses, the determination of which is the initial step of the two-step process for a Limitation of Liability action.[14] Citing other cases in which they describe federal courts as adjudicating comparative fault at the liability step of a Limitation of Liability action, the Martzes maintain that "Mr. Horazdovsky's negligence (and potentially that of others) in causing the June 2018 collision is at issue during the liability phase, and discovery requests surrounding the underlying events leading up to the June 2018 collision are relevant and probative."[15]

---

[12] Docket 83 at 5.

[13] Docket 83 at 5–6.

[14] Docket 87 at 3.

[15] Docket 87 at 3–4 (first citing *Houghtailing v. Crown Equip. Corp.*, No. 11-cv-05040-TEH, 2015

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 5 of 12

The Court finds that the information the Martzes seek regarding the Horazdovskys' whereabouts in the hours preceding the collision is relevant to this case. At the first step of a Limitation of Liability action, a district court determines whether any liability exists on the limitation plaintiff's part.[16] Horazdovsky's state court complaint asserts claims against the Martzes under Alaska state tort law for boatowners' vicarious liability, negligence, negligence *per se*, negligent infliction of emotional distress, intentional infliction of emotional distress, recklessness, battery and assault, and negligent entrustment.[17] It also asserts claims under federal admiralty law for boatowners' liability, operator's negligence liability, negligence *per se*, owner and operator's recklessness liability, and negligent entrustment.[18] It is possible that comparative negligence could be a defense to limitation plaintiffs'

---

WL 1090386, at *2 (N.D. Cal. Mar. 12, 2015) (granting defendant's motion for judgment as a matter of law in personal injury case); then citing *In re Compl. of AMF*, 543 F. Supp. 431, 433 (S.D.N.Y. 1982) (lifting injunction of state court proceeding except as to entry of judgment and enforcement of any recovery); then citing *Bates v. Merritt Seafood, Inc.*, 663 F. Supp. 915, 917 (D.S.C. 1987) (findings of fact after bench trial of slip and fall on vessel); and then citing *N. Queen Inc. v. Kinnear*, 298 F.3d 1090 (9th Cir. 2002) (holding captain's death caused by his own negligence, thereby relieving vessel owner of liability).

[16] *Hechinger (In re Compl. of Hechinger) v. Caskie*, 890 F.2d 202, 207 (9th Cir. 1989); *see also, e.g.*, *Carr v. PMS Fishing Corp.*, 191 F.3d 1, 4 (1st Cir. 1999) ("[Limitation of Liability] proceedings lend themselves to a bifurcated analysis. First, the court must determine whether negligence or unseaworthiness caused the accident. Second, the court must determine whether the shipowner was privy to, or had knowledge of, the causative agent (whether negligence or unseaworthiness).") (citations omitted).

[17] Docket 1-1 at 8–13.

[18] Docket 1-1 at 8–13.

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 6 of 12

Case 3:20-cv-00152-SLG   Document 105   Filed 02/16/23   Page 6 of 12

liability for at least some of those claims.[19] Consequently, matters that may bear on whether the Horazdovskys were comparatively negligent regarding the 2018 incident are relevant to a "claim or defense" in this action.[20] Further, the information sought in Interrogatory Nos. 1 through 3 is proportional to the needs of this case, as it is limited to the time just preceding the collision. Therefore, the Martzes' motion to compel Horazdovsky to answer Interrogatory Nos. 1–3 will be granted.

*B. Interrogatory Nos. 4–5*

In Interrogatory Nos. 4–5, the Martzes asked Horazdovsky to identify Jennifer Horazdovsky's medical care providers, counselors, therapists, pharmacists, and health insurance providers for the ten years preceding her death in 2018.[21] Horazdovsky objected, claiming that the interrogatories "[are] not relevant to any party's claim or defense" and "appear[] to be a deliberate effort to acquire information related to the parties' claims or defenses in [the state court

---

[19] Under Alaska law, comparative negligence is not a total defense to a claim, unlike the older common law doctrine of contributory negligence. *See Kaatz v. State*, 540 P.2d 1037, 1046–51 (Alaska 1975) (abandoning the traditional contributory negligence doctrine in favor of a comparative negligence approach); AS § 09.17.060 ("In an action based on fault seeking to recover damages for injury or death to a person or harm to property, contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for the injury attributable to the claimant's contributory fault, but does not bar recovery."). However, comparative negligence is at least a *partial* defense, as some courts have recognized in analogous situations. *See, e.g.*, *Miller v. Pac. Trawlers, Inc.*, 131 P.3d 821, 833–34, 834 n.17 (Or. Ct. App. 2006).

[20] Fed. R. Civ. P. 26(b)(1).

[21] Docket 78-2 at 4–5.

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 7 of 12

Case 3:20-cv-00152-SLG   Document 105   Filed 02/16/23   Page 7 of 12

case] in violation" of this Court's stay order.[22] The Martzes now move to compel Horazdovsky to answer these interrogatories, asserting that the requested information is relevant to the issue of damages, which is a *prima facie* element of a negligence claim that Horazdovsky must establish, thereby making Jennifer Horazdovsky's health at issue.[23] Horazdovsky responds that the information sought may have relevance as to the amount of damages, but that issue is not relevant in this limitations action, as the value of Horazdovsky's claims will be determined in the Alaska Superior Court case and the Martzes do not dispute that Horazdovsky's damages exceed the value of the Nautique.[24]

The Court finds that Jennifer Horazdovsky's death certainly caused damage to Andrew Horazdovsky, the Horazdovskys' minor child, and the Estate of Jennifer Horazdovsky; further, the amount of such damages exceeds the value of the Nautique. As such, the extensive information sought regarding Jennifer Horazdovsky's ten-year medical history that appears aimed at quantifying the amount of damages in this limitation action is of marginal, if any, relevance, and clearly not proportionate to the needs of this case. Accordingly, the motion to compel as to Interrogatory Nos. 4 and 5 will be denied.

---

[22] Docket 78-2 at 4–5 (citing Docket 60).

[23] Docket 78 at 12–13.

[24] Docket 83 at 7; *see also* Docket 1 at 4, ¶ 13 ("Upon information and belief, the claimed damages are substantially in excess of the value of the Nautique . . . .").

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 8 of 12

Case 3:20-cv-00152-SLG   Document 105   Filed 02/16/23   Page 8 of 12

### C. Request for Production Nos. 4–14, 21–25, and 29–31

In Request for Production Nos. 4–14, 21–25, and 29–31, the Martzes asked Horazdovsky to produce the Horazdovskys and, where applicable, their minor child's, medical records; billing records; insurance benefits; federal, state, and city tax returns; employment and unemployment records; documents supporting claims of monetary expenses, property damages, and special damages; as well as the necessary authorizations to obtain these medical and employment records.[25]

Horazdovsky objects, maintaining that the requested information is not relevant to any party's claim or defense in this case and appears to be to seek information only relevant to the stayed state court proceeding.[26]

The Martzes' motion asserts that "[a]ssuming *arguendo* the Martzes do not prevail on limiting liability, the Martzes are entitled to litigate what the judgment should be."[27] But to the extent the Martzes intend to assert that they will litigate "what the judgment should be" in this Court rather than in Alaska state court, their assertion is mistaken. In the present case, as in all Limitation of Liability Act actions, the Court will simply determine "whether negligence or unseaworthiness

---

[25] Docket 78-3 at 4–12, 16–18, 20–22.

[26] Docket 78-3 at 4–12, 16–18, 20–22.

[27] Docket 78 at 13.

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 9 of 12

Case 3:20-cv-00152-SLG   Document 105   Filed 02/16/23   Page 9 of 12

caused the accident" and, if so, "whether the shipowner was privy to, or had knowledge of, the causative agent (whether negligence or unseaworthiness)."[28] This action will not involve a determination of the amount of damages, except as necessary to determine whether the Martzes are liable to Horazdovsky at all. Therefore, the information sought in Request for Production Nos. 4–14, 21–25, and 29–31 has little, if any, relevance to any claim or defense in this case.

Furthermore, the Martzes' citation to the procedural rules for admiralty claims is unavailing.[29] The Martzes assert that they are entitled to discovery information regarding damages by virtue of Rule F(5) of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims, which provides that in limitation-of-liability actions, each claim "shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued." The Martzes assert that Rule F(5)'s references to "facts" and "items" entail specific amounts of damages and therefore entitle them to discovery regarding Horazdovsky's claims for damages in the state court case.[30] But little caselaw exists to support the Martzes' assertion. Federal courts have expressed uncertainty as to the meaning of these terms in Rule F(5).[31] Rule F is a codification

---

[28] *Carr*, 191 F.3d at 4.

[29] *See* Docket 78 at 13–14.

[30] Docket 78 at 13–14.

[31] *See, e.g.*, *In re Triple Screw Marine Towing, Inc.*, Civ. A. No. 93-3182, 1994 WL 151101, at

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 10 of 12

Case 3:20-cv-00152-SLG   Document 105   Filed 02/16/23   Page 10 of 12

of historical procedures created for implementing the Limitation of Liability Act.[32] Rule F(5)'s reference to "facts" and "items" is apparently a "somewhat heightened" version of the pleading requirements in Federal Rule of Civil Procedure 8(a).[33] As such, the Court interprets its references to "facts" and "items" to refer to specificity requirements in Limitation of Liability Act claimants' claim filings, not to confer a right to discovery of information that bears little, if any, relevance to the ultimate determination this Court is required to make.

For these reasons, the Martzes' motion to compel Horazdovsky to comply with Requests for Production Nos. 4–14, 21–25, and 29–31 is denied.[34]

## CONCLUSION

For the reasons set forth in this order, Limitation Plaintiffs William and Jane Martz's *Motion to Compel Discovery Responses* is GRANTED IN PART AND DENIED IN PART. The Motion is granted with respect to Interrogatory Nos. 1–3

---

[*]1–2 (E.D. La. Mar. 31, 1994) ("Even assuming that the reference to the 'items thereof' in Supplemental Rule F(5) is to the items of *damages* sought by the claimant, I do not consider the Notice of Claim's deficiency in this respect grounds for dismissing their claim.").

[32] *In re Am. River Transp. Co.*, 728 F.3d 839, 841 (8th Cir. 2013).

[33] *Triple Screw Marine Towing*, 1994 WL 151101, at *1.

[34] Because the Court resolves this dispute on relevancy and proportionality grounds, it does not reach the Martzes' arguments regarding Horazdovsky's assertion of doctor-patient privilege. *See* Docket 78 at 14.

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 11 of 12

Case 3:20-cv-00152-SLG   Document 105   Filed 02/16/23   Page 11 of 12

and denied in all other respects. Horazdovsky shall provide complete answers to Interrogatory Nos. 1 through 3 within 14 days of the date of this order.

IT IS SO ORDERED.

DATED this 16th day of February 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00152-SLG, *In the Matter of Compl. of Martz*
Order Re Limitation Plaintiffs' Motion to Compel
Page 12 of 12

Case 3:20-cv-00152-SLG   Document 105   Filed 02/16/23   Page 12 of 12