IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

In the Matter of the COMPLAINT of
William Martz and Jane Martz, as
owners of a Nautique vessel, for
Limitation of Liability.

Case No. 3:20-cv-00152-SLG

## ORDER RE MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court at Docket 80 is Claimant Andrew Horazdovsky's *Motion for Judgment on the Pleadings for Lack of Subject Matter Jurisdiction*. Limitation Plaintiffs William Martz and Jane Martz (collectively, "the Martzes") responded in opposition at Docket 86, to which Mr. Horazdovsky replied at Docket 91. The Court heard argument on the motion on March 8, 2023.

## BACKGROUND

On June 25, 2020, the Martzes initiated the present action under the Limitation of Liability Act of 1851, 46 U.S.C. § 30501 *et seq.*, seeking to limit their personal liability to the value of their recreational vessel, a 21-foot 1998 Correct Craft Air Nautique (the "Nautique") with an estimated value of $15,000, for tort and maritime claims that Claimant Andrew Horazdovsky has brought against them in Alaska state court.[1] Both the state and federal court actions arise from a collision

---

[1] Docket 1 at 2, ¶ 3, 3–4, ¶¶ 11, 13–14.

on Flat Lake on June 9, 2018, between the Nautique, being operated by the Martzes' adult son, Reagan Martz, and an inflatable raft being towed by another vessel operated by Andrew Horazdovsky.[2] Jennifer Horazdovsky was on the inflatable raft at the time of the collision and was fatally injured.[3]

Mr. Horazdovsky brought the state court action on behalf of himself, the Estate of Ms. Horazdovsky, and their minor son against Reagan, William, and Jane Martz, among others, seeking damages and alleging the following 14 causes of action: (1) strict vicarious joint and several liability pursuant to Alaska Statute 05.25.040; (2) watercraft owners' liability pursuant to federal law; (3) watercraft operator's liability pursuant to federal law; (4) watercraft owners' and operator's liability for negligence per se pursuant to federal law; (5) watercraft owners' and operator's liability for recklessness pursuant to federal law; (6) watercraft owners' and operator's liability for prejudgment interest; (7) negligence; (8) watercraft owners' and operator's liability for negligence per se pursuant to Alaska state law; (9) negligent infliction of emotional distress: preexisting duty; (10) negligent infliction of emotional distress: bystander; (11) intentional infliction of emotional distress; (12) recklessness; (13) battery and/or assault; and (14) negligent entrustment.[4]

---

[2] Docket 1 at 3–4, ¶¶ 7–14.

[3] Docket 1 at 3, ¶ 10.

[4] Docket 1-1 at 3–4, ¶¶ 16–17, 8–13, ¶¶ 42–82. The action in state court is *Horazdovsky v. Martz, et al.*, Case No. 3AN-20-06488CI (Alaska Super. Ct. filed June 4, 2020).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 2 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 2 of 17

Section 30529(c) of the Limitation of Liability Act provides that "[w]hen an action has been brought under this section . . . all claims and proceedings against the owner related to the matter in question shall cease."[5] Additionally, Federal Rule of Civil Procedure Supplemental Rule F(3) provides that "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Accordingly, on June 30, 2020, upon finding that the Martzes had complied with the procedural requirements necessary to initiate an action to limit liability pursuant to 46 U.S.C. § 30529, the Court appointed a trustee to hold title to the vessel and enjoined all claims against the Martzes and their property that were subject to limitation, including those claims in the state court action.[6]

The parties then filed cross motions for summary judgment.[7] The Court granted Mr. Horazdovksy's motion for summary judgment after finding that the Martzes had failed to file for limitation of liability in a timely fashion. The Court dismissed the complaint as untimely, vacated the June 30, 2020, injunction, and entered a final judgment.[8]

---

[5] Formerly cited as 46 U.S.C. § 30511.

[6] Docket 17 at 5-6.

[7] Docket 39, *Matter of Martz*, 498 F. Supp. 3d 1116, 1120 (D. Alaska 2020).

[8] Docket 39, Docket 40, 498 F. Supp. 3d at 1134.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 3 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 3 of 17

The Martzes pursued an appeal to the Ninth Circuit and this Court denied the Martzes' motion for an injunction pending appeal.[9] The Ninth Circuit, however, granted the Martzes' motion for an injunction pending appeal and reinstated the Court's June 30, 2020, injunction for the duration of the appeal.[10] On the merits of the appeal, the Ninth Circuit ultimately reversed and remanded the Court's dismissal, holding that the six-month statute of limitations in § 30529(a) did not begin to run until Mr. Horadovsky filed suit in state court.[11] Because the Martzes filed their limitation of liability action two weeks after the state court action was filed, their action was timely.[12] The mandate issued on June 1, 2022, and the case was reopened in this Court.[13] On July 11, 2022, the Court reinstated the injunction staying the state civil case against the Martzes.[14]

Mr. Horazdovsky filed the instant motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). He is seeking dismissal of this action for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) and for failure to state a claim upon which relief can be granted.[15]

---

[9] Docket 53, *Matter of Martz*, No. 3:20-cv-00152-SLG, 2020 WL 7034319, at *6 (D. Alaska Nov. 30, 2020).

[10] Docket 54.

[11] *Martz v. Horazdovsky*, 33 F.4th 1157, 1168 (9th Cir. 2022).

[12] 33 F.4th at 1168.

[13] Docket 57.

[14] Docket 60.

[15] Docket 80 at 1. Mr. Horazdovsky asserts that the Court should dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; however, because the

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 4 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 4 of 17

## JURISDICTION

As discussed in more detail below, the Court has jurisdiction pursuant to the admiralty and maritime jurisdiction of the United States District Courts, 28 U.S.C. § 1333.[16]

## LEGAL STANDARDS

### I. Rule 12(c) Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made."[17] "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."[18] When deciding such a motion, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party."[19] A court may consider

---

pleadings have closed in this case, Rule 12(h)(2)(B) provides that the proper vehicle for this claim is a motion pursuant to Rule 12(c).

[16] "We [in the Ninth Circuit] use the terms 'admiralty' and 'maritime' interchangeably, as the relevant caselaw often uses both words without apparent distinction." *Adamson v. Port of Bellingham*, 907 F.3d 1122, 1125 n.4 (9th Cir. 2018) (quoting *Gruver v. Lesman Fisheries, Inc.*, 489 F.3d 978, 982 n.5 (9th Cir. 2007)).

[17] *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (citations omitted).

[18] *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

[19] *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 5 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 5 of 17

documents relied on in a complaint without converting the motion for judgment on the pleadings to one for summary judgment.[20]

## II. Subject Matter Jurisdiction

When, as here, a party has raised an issue with respect to the Court's subject matter jurisdiction pursuant to Rule 12(c), the Court will treat the motion as if it had been brought pursuant to Rule 12(b)(1).[21] Subject matter jurisdiction "delimits" the power of federal courts.[22] Because it "involves a court's power to hear a case, [it] can never be forfeited or waived."[23] The objection that a court lacks subject matter jurisdiction may be raised at any stage of litigation by any party, including by the court *sua sponte*.[24] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[25]

## III. Failure to State a Claim

After the pleadings have closed, a party may seek judgment on the pleadings pursuant to a Rule 12(c) motion for failure to state a claim on which relief

---

[20] *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

[21] 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. April 2023 Update).

[22] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

[23] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

[24] *Id.* at 506. *See also id.* at 513 ("[Federal] courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

[25] Fed. R. Civ. P. 12(h)(3).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 6 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 6 of 17

can be granted.[26] When a party uses Rule 12(c) in this manner, the analysis under Rule 12(c) is substantially identical to the analysis pursuant to Rule 12(b)(6).[27] Accordingly, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."[28] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[29]

## DISCUSSION

### I. Jurisdiction

Mr. Horazdovsky contends that there are no circumstances under which the Martzes can receive relief under the Limitation of Liability Act of 1851, so the Court should dismiss the case for lack of subject matter jurisdiction.[30] The heart of this argument is the alleged overlap between the Limitation of Liability Act and the state law claim for negligent entrustment. The Court's analysis accordingly begins with a brief overview of each area of law.

When a vessel is involved in an accident, the Limitation of Liability Act limits the liability of the vessel's owner to the value of that vessel and any pending

---

[26] Fed. R. Civ. P. 12(h)(2)(B).

[27] *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

[28] *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.,* No. C 10–04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).

[29] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[30] Docket 80 at 1–2.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 7 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 7 of 17

freight.[31] Congress enacted the Limitation of Liability Act to promote investment in the American shipbuilding industry as it sought to compete with Great Britain in response to several incidents in which a vessel owner was held liable for significant monetary damages without proof that the owner was negligent or at fault.[32] Accordingly, to benefit from this limitation of liability, the statute requires that the owner establish that the damage occurred "without the privity or knowledge of the owner."[33]

Whereas the Limitation of Liability Act accords the owner of a vessel a federal remedy to limit their liability, negligent entrustment is a state law tort claim that serves as a vehicle for an aggrieved party to recover from the owner of a vessel. The Alaska Supreme Court has explained that as a general rule, the owner of a vehicle is liable for negligent entrustment if the owner knowingly supplies, entrusts, permits, or lends their vehicle to an "incompetent or habitually careless driver."[34] Mr. Horazdovsky alleges in his state court case that the Martzes are liable for negligent entrustment because they supplied the Nautique to their son

---

[31] 46 U.S.C. § 30523.

[32] *Martz v. Horazdovsky*, 33 F.4th 1157, 1166 (9th Cir. 2022) (first citing *Joyce v. Joyce*, 975 F.2d 379, 383 (7th Cir. 1992); and then citing *Norwich & N.Y. Transp. Co. v. Wright*, 80 U.S. 104, 108–10 (1871)).

[33] 46 U.S.C. § 30523(b).

[34] *Neary v. McDonald*, 956 P.2d 1205, 1208 (Alaska 1998) (citations omitted).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 8 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 8 of 17

"when they knew or should have known" that he would operate the vessel in a manner "involving unreasonable risk of physical harm to himself or others."[35]

Mr. Horazdovsky's motion focuses on the reference to the owner's knowledge in both the Limitation of Liability Act and the tort of negligent entrustment. According to Mr. Horazdovsky, "if a shipowner knows enough to be liable for negligent entrustment, he knows too much to be eligible to limit liability under the Act."[36] Mr. Horazdovsky maintains that if the Martzes knew or should have known that their son should not have been entrusted with their boat, they not only committed the tort of negligent entrustment but also had knowledge sufficient to vitiate their entitlement to limit their liability. On the other hand, Mr. Horazdovsky maintains, if the Martzes were not negligent in entrusting their boat to their son, then they do not need the protections of the Limitation of Liability Act because they would not be liable at all to Mr. Horazdovsky.[37] In either case, according to Mr. Horazdovsky, "there exists no circumstance" under which the Martzes "are entitled to relief under the Limitation of Liability Act" and, "[a]s such, the district court is without subject matter jurisdiction in the captioned case and it should be dismissed."[38]

---

[35] Docket 1-1 at 13, ¶¶ 79–82.

[36] Docket 80 at 6 (quoting *Joyce v. Joyce*, 975 F.2d 379, 385 (7th Cir. 1992)).

[37] Docket 80 at 3–4.

[38] Docket 80 at 4.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 9 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 9 of 17

Mr. Horazdovsky relies on the Seventh Circuit's decision in *Joyce v. Joyce*[39] to support this argument.[40] In that case, a woman filed suit in Illinois state court to recover for her injuries from a boating accident. The only claim that she brought against the owner of the boat was for negligent entrustment. The owner of the boat sought the protections of the Limitation of Liability Act in district court and the district court dismissed the case *sua sponte* for lack of subject matter jurisdiction.[41] The Seventh Circuit affirmed, explaining that "[g]iven the nature of the tort of negligent entrustment, it is clear that the Limitation of Shipowner's Liability Act affords no protection to [the shipowner]." Because "the district court could not do anything to affect either party," the Circuit held it "was correct to dismiss the suit for lack of subject matter jurisdiction."[42]

A few years later, however, the Seventh Circuit recognized that although "*Joyce* states that the dismissal was for lack of subject matter jurisdiction," "[t]his contention is likely inaccurate."[43] The Seventh Circuit acknowledged two earlier decisions by the Supreme Court that had each held "that failure to demonstrate lack of privity or knowledge does not divest the district court of jurisdiction."[44] The

---

[39] 975 F.2d 379 (7th Cir. 1992).

[40] Docket 80 at 6.

[41] 975 F.2d at 381–82.

[42] *Id.* at 385.

[43] *Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 827 n.1 (7th Cir. 1996).

[44] 83 F.3d at 827 n.1 (first citing *Langnes v. Green*, 282 U.S. 531, 534–35 (1931); and then citing

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 10 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 10 of 17

Supreme Court explained that whether "the pleadings and evidence disclosed that the injury complained of was occasioned with the privity and knowledge of the shipowner" "did not present a jurisdictional question" because "a determination thereof either way" would have been a determination "upon the merits in the proper exercise of . . . jurisdiction."[45]

Indeed, it is the Admiralty Clause of Article III of the United States Constitution that confers admiralty jurisdiction upon the federal judiciary in cases such as this one involving an accident on the navigable waters of the United States.[46] "Section 9 of the Judiciary Act of 1789 codified this grant of exclusive original jurisdiction . . . ."[47] A party seeking to invoke federal admiralty jurisdiction must demonstrate that the tort occurred on navigable waters and that it bears a "significant relationship to traditional maritime activity."[48] The boating accident at issue in this case occurred on Flat Lake, a part of Big Lake, and the parties do not dispute that this waterway is a navigable water.[49] Moreover, the Supreme Court

---

*Just v. Chambers*, 312 U.S. 383, 386 (1941)).

[45] *Langnes*, 282 U.S. at 534–35; *see also Just*, 312 U.S. at 386 ("When the jurisdiction of the court in admiralty has attached through a petition for limitation, the jurisdiction to determine claims is not lost merely because the shipowner fails to establish his right to limitation.").

[46] U.S. Const. art. III, § 2, cl. 1.

[47] *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 443 (2001).

[48] *In re Mission Bay Jet Sports, LLC*, 570 F.3d 1124, 1126 (9th Cir. 2009) (quoting *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982)).

[49] Docket 1-1 at 4, ¶ 17 (Mr. Horazdovsky's complaint filed in Alaska state court provides that "[t]he United States Coast Guard determined in 1975 that . . . the entire waterway of Big Lake, Alaska is navigable waters of the United States because those waters are subject to the ebb and flow of the tide and/or are presently used, or have been used in the past, or may be susceptible

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 11 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 11 of 17

has long recognized that where, as here, there is a collision of two recreational boats on the navigable waters of the United States, the collision bears a significant relationship to traditional maritime activity that is sufficient to confer admiralty jurisdiction.[50] Accordingly, the Court has admiralty jurisdiction pursuant to § 1333.

The Court acknowledges, however, that the case law addressing jurisdiction for purposes of the Limitation of Liability Act has not been clear. This is because in 1911, the Supreme Court held in *Richardson v. Harmon* that the Limitation of Liability Act served as an independent basis for jurisdiction.[51] In that case, the owner of a steam barge sought to limit its liability arising from the collision of the barge with a railway drawbridge, causing damage to both the barge and the bridge.[52] At the time the case was decided, however, admiralty jurisdiction did not extend to claims of damage to a land-based object such as a bridge.[53] Analyzing the legislative intent and purposes of the Limitation of Liability Act, the Supreme Court held that the expansion of the jurisdictional reach of the Act beyond the

---

for use to transport interstate or foreign commerce"); Docket 1 at 3, ¶¶ 6–7 (Martzes' complaint filed in this Court recognizes that Big Lake is a navigable water).

[50] *See, e.g.*, *Foremost Ins. Co.*, 457 U.S. at 674–75 ("The federal interest in protecting maritime commerce cannot be adequately served if admiralty jurisdiction is restricted to those individuals actually *engaged* in commercial maritime activity. This interest can be fully vindicated only if *all* operators of vessels on navigable waters are subject to uniform rules of conduct." (emphasis in original)).

[51] 222 U.S. 96 (1911).

[52] *Id*. at 99–100.

[53] *Id*. at 101.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 12 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 12 of 17

parameters of admiralty jurisdiction would best achieve the Act's goal of improving the competitiveness of American shipbuilding.[54]

After the Supreme Court decided *Richardson v. Harmon*, Congress expanded the scope of admiralty jurisdiction to be coextensive with the Supreme Court's holding by enacting the Extension of Admiralty Jurisdiction Act, 46 U.S.C. § 30101, which accorded federal courts admiralty jurisdiction over "cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land."[55] And in 1990, the Supreme Court held that it is 28 U.S.C. § 1333(1) that grants a federal district court jurisdiction over a limitation of liability suit brought pursuant to the Limitation of Liability Act.[56]

The Ninth Circuit in 1995 considered whether the Limitation of Liability Act could continue to serve as an independent basis of jurisdiction after Congress passed the Extension of Admiralty Jurisdiction Act.[57] The Ninth Circuit explained that "Congress' passage of the Extension of Admiralty Jurisdiction Act has clearly

---

[54] *Id*. at 103–06 ("Thus construed, the section harmonizes with the policy of limiting the owner's risk to his interest in the ship in respect of all claims arising out of the conduct of the master and crew, whether the liability be strictly maritime or from a tort non-maritime but leaves him liable for his own fault, neglect, and contracts.").

[55] 46 U.S.C. § 30101(a).

[56] *Sisson v. Ruby*, 497 U.S. 358 (1990). In a footnote, the Supreme Court declined to consider whether the Limitation of Liability Act could serve as an independent basis for jurisdiction because § 1333(1) was sufficient to confer jurisdiction. 497 U.S. at 359 n.1.

[57] *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771 (9th Cir. 1995).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 13 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 13 of 17

obviated the rationale behind *Richardson*'s expansion of the Act." And "[a]s such, [the Circuit] view[ed] *Richardson* as a historical anomaly that cannot be fairly reconciled with modern admiralty jurisdiction, and conclude[d] that the jurisdiction conferred by the Act remains coextensive with that of modern admiralty and maritime jurisdiction."[58]

In sum, the Court's jurisdiction over this case arises from the Admiralty Clause of Article III of the United States Constitution and 28 U.S.C. § 1333, a source of jurisdiction that is coextensive with the Limitation of Liability Act. Accordingly, any decision that the Martzes may or may not be entitled to a limitation of their liability in light of their potential liability for negligent entrustment would be a decision on the merits pursuant to a proper exercise of the Court's admiralty jurisdiction.

## II. Failure to State a Claim

Mr. Horazdovsky seeks judgment on the pleadings pursuant to Rule 12(c) for failure to state a claim on which relief can be granted in reliance on the Seventh Circuit's decision in *Joyce*, contending that there are no circumstances under which the Martzes can receive relief under the Limitation of Liability Act of 1851.[59]

The Seventh Circuit's decision in *Joyce* is distinguishable from this case, however, because unlike the shipowner in *Joyce* who faced a single claim for

---

[58] *Id*. at 773.

[59] Docket 80 at 5–7.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 14 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 14 of 17

negligent entrustment, Mr. Horazdovksy's state court action asserts numerous theories of liability against the Martzes. For example, Mr. Horazdovksy asserts that the Martzes are strictly vicariously liable pursuant to Alaska Statute 05.25.040 for their son's conduct, a claim that would impose liability on the Martzes irrespective of whether they knew or should have known that their son's operation of their vessel posed an unreasonable risk of physical harm.[60] Instead, liability under this state statute turns on whether Reagan Martz was operating the boat with "the owner's express or implied consent."[61] Thus, it is conceivable that even if Mr. Horazdovsky establishes that the Martzes are liable for negligent entrustment and further establishes that therefore they could not limit their liability for that claim, the Martzes may still be able to limit their liability on a claim brought pursuant to Alaska Statute 05.25.040. Indeed, another district court in the Ninth Circuit found that in a case where the claimant's state court action asserted numerous theories of negligence, including vicarious liability, "*Joyce* [wa]s distinguishable for this reason alone."[62] The district court in that case agreed with the owner of the vessel that "vicarious liability . . . does not require knowledge or privity (and is therefore a claim covered by the Act)."[63]

---

[60] Docket 1-1 at 8–9, ¶¶ 42–44.

[61] AS § 05.25.040.

[62] *In re Morgan*, 3:18-cv-00092-BEN-BGS, 2018 WL 2328367, at *3 (S.D. Cal. May 22, 2018).

[63] *Id*.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 15 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 15 of 17

In any event, the Court questions the validity of the premise of Mr. Horazdovsky's contention that the negligent entrustment claim and the limitation of liability claim are coextensive such that the determination of one claim is dispositive of the other. This is because the two claims require different parties to bear the burden of proof in different courts.[64] The negligent entrustment claim would require Mr. Horazdovsky to prove in Alaska state court that the Martzes knew or had reason to know that their entrustment of their boat to their son posed an "unreasonable risk of physical harm."[65] The limitation of liability claim would require the Martzes to prove in federal district court that the damage occurred without their privity or knowledge.[66] As one district court pointed out, the analysis in *Joyce* "conflates" two "distinct questions that ought be [sic] addressed independently."[67]

Moreover, the key terms of the two claims, while similar, are not identical. The negligent entrustment claim concerns what the entrustor "knew or should have

---

[64] *In re Fun Time Boat Rental & Storage, LLC*, 431 F. Supp. 2d 993, 997 (D. Ariz. 2006) ("When a shipowner asserts a claim for exoneration or limited liability under the Act, a burden-shifting framework is employed to evaluate the shipowner's eligibility for limited liability. First, the claimants seeking to recover damages must demonstrate the shipowner's liability for their loss, either by showing the owner's negligence or the unseaworthiness of the vessel. . . . Only if liability is established does the burden shift to the shipowner to establish its lack of privity or knowledge." (internal citations omitted)).

[65] *Nelson v. Progressive Cas. Ins. Co.*, 162 P.3d 1228, 1232 (Alaska 2007) (quoting Restatement (Second) of Torts § 390 (1965)).

[66] 46 U.S.C. § 30523(b).

[67] *In re Dieber*, 793 F. Supp. 2d 632, 635 n.5 (S.D.N.Y. 2011).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 16 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 16 of 17

known," whereas the Limitation of Liability Act concerns "privity or knowledge." There is conceivably some room for difference between these terms. "As some courts distinguishing *Joyce v. Joyce* have already pointed out, . . . the terms privity, knowledge, constructive knowledge, and duty to know often have different meanings depending on the state law at issue, the facts, and the meaning of the terms as they have been defined by different circuit courts interpreting the Act."[68]

In sum, accepting the factual assertions in the Martzes' complaint as true, the Court finds that the Martzes have stated a plausible claim for relief.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion for judgment on the pleadings at Docket 80 is DENIED.

DATED this 5th day of May 2023, at Anchorage, Alaska.

                                         */s/ Sharon L. Gleason*
                                         UNITED STATES DISTRICT JUDGE

---

[68] *Jack's Watercraft Rentals, Inc.*, Civil Action No. B-12-176, 2013 WL 12155582, at *9 (S.D. Tex. May 31, 2013). The district court for the Southern District of Texas adopted this report and recommendation at Docket 19 of Case No. 1:12-cv-000176.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion for Judgment on the Pleadings
Page 17 of 17
Case 3:20-cv-00152-SLG   Document 124   Filed 05/05/23   Page 17 of 17