# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of the COMPLAINT of William Martz and Jane Martz, as owners of a Nautique vessel, for Limitation of Liability. | Case No. 3:20-cv-00152-SLG |

## ORDER RE MOTION TO DISSOLVE THE INJUNCTION

Before the Court at Docket 119 is claimant Andrew Horazdovsky's *Motion to Dissolve the Injunction Dated June 30, 2020 and Stay this Limitation Action*. Limitation Plaintiffs William Martz and Jane Martz (collectively, "the Martzes") responded in opposition at Docket 120, to which Mr. Horazdovsky replied at Docket 122. The Court heard argument on the motion on May 17, 2023.

## BACKGROUND

The factual allegations and procedural history of this case are set forth in detail in the Court's order at Docket 124. The Court assumes familiarity here. As relevant to this motion, on June 30, 2020, the Court enjoined all state court claims against the Martzes and their property that were subject to limitation, upon finding that the Martzes had complied with 46 U.S.C. § 30529.[1] On November 3, 2020,

---

[1] Docket 17. 46 U.S.C. § 30529 was formerly numbered as 46 U.S.C. § 30511.

the Court granted Mr. Horazdovsky's motion for summary judgment, dismissed the action, and vacated the June 30, 2020, injunction.[2]

The Martzes initiated an appeal and the Ninth Circuit granted the Martzes' motion for an injunction pending appeal, holding that "[t]he district court's June 30, 2020 injunction is reinstated and shall remain in force pending resolution of this appeal."[3] The Ninth Circuit did not provide much by way of explanation, although it did state that it did "not reach appellants' contention that they are entitled to an injunction pending appeal as a matter of law under 46 U.S.C. § 30511(c)."[4] Later, the Ninth Circuit reversed and remanded the Court's dismissal.[5] The mandate issued on June 1, 2022, and the case was reopened in this Court.[6] On July 11, 2022, the Court reinstated the June 30, 2020, injunction at the trial court level.[7] Mr. Horazdovsky filed the instant motion seeking to dissolve the injunction and stay this limitation action pursuant to the "saving to suitors" clause of the Judiciary Act of 1789, 28 U.S.C. § 1333.

Along with his motion to dissolve the injunction, Mr. Horazdovsky filed a stipulation in which he stipulates that (1) if the Court dissolves the injunction, he

---

[2] Docket 39.

[3] Docket 54 at 1.

[4] Docket 54 at 1.

[5] Docket 57.

[6] Docket 57.

[7] Docket 60.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion to Dissolve the Injunction
Page 2 of 11

will proceed in Alaska Superior Court Case No. 3AN-20-6488CI; (2) if the Court dissolves the injunction, the Court will retain exclusive jurisdiction over all questions concerning the right to limitation including the claimants' right to limit liability and the proper value of the limitation fund; and further that any decision in the state court action on these questions would not be res judicata with respect to these questions; and (3) if Mr. Horazdovsky obtains a verdict or judgment in excess of the value of the Nautique in state court, he will not execute against Limitation Plaintiffs on the verdict or judgment in excess of the Nautique's value pending the Court's determination of the right to limitation.[8]

## DISCUSSION

There is an inherent tension between the Martzes' right to seek limitation of liability in federal court under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* ("Limitation Act"), and Mr. Horazdovsky's right to seek a jury trial in state court pursuant to the "saving to suitors" exception to federal admiralty jurisdiction, 28 U.S.C. § 1333(1).[9] Where, as here, a shipowner invokes the protections of the Limitation Act by following the procedural requirements of 46 U.S.C. § 30529, the district court is empowered to enter an injunction staying all proceedings against the shipowner arising out of the incident.[10] Section 1333(1), however, accords the

---

[8] Docket 119-2 at 2.

[9] *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 450–51 (2001).

[10] *See In re Complaint of Paradise Holdings, Inc.*, 795 F.2d 756, 761 (9th Cir. 1986); Docket 17.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion to Dissolve the Injunction
Page 3 of 11
Case 3:20-cv-00152-SLG   Document 126   Filed 06/23/23   Page 3 of 11

district courts original and exclusive jurisdiction of admiralty or maritime claims, but "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled," including the right to a jury trial for common law and statutory claims.[11]

To reconcile the functions of the admiralty court in limiting liability under the Limitation Act and the claimant's right to a trial by jury, the district courts generally have broad discretion under the Limitation of Liability Act to decide whether to dissolve an injunction restraining the prosecution of the state court proceedings.[12] Ordinarily, when there are multiple claimants whose aggregate claims exceed the value of the fund, "the concourse of all claimants in the limitation proceeding is a necessary technique" that "prevents claimants from securing judgments in various courts that, in the aggregate, exceed the fund and, thus, assures the owner that he will not be required to pay damages in excess of the statutory limits."[13] In these circumstances, "the need for the limitation proceeding outweighs the claimant's interests under the 'saving to suitors' clause."[14]

Where, however, there is only a single claimant whose claim exceeds the value of the fund, "'the court's discretion is narrowly circumscribed' and the

---

[11] 28 U.S.C. § 1333(1); *see also Lewis*, 531 U.S. at 443–44.

[12] *See Newton v. Shipman*, 718 F.2d 959, 961 (9th Cir. 1983) (first citing *Universal Towing Co. v. Barrale*, 595 F.2d 414, 420 (8th Cir. 1979); and then citing *Helena Marine Serv. v. Sioux City*, 564 F.2d 15, 17 (8th Cir. 1977), *cert. denied sub nom. Sioux City & New Orleans Barge Lines, Inc. v. Helena Marine Serv., Inc.*, 435 U.S. 1006 (1978)); *see also In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000) (citing *Newton*, 718 F.2d at 961).

[13] *Universal Towing Co.*, 595 F.2d at 418.

[14] *Id*.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion to Dissolve the Injunction
Page 4 of 11
Case 3:20-cv-00152-SLG   Document 126   Filed 06/23/23   Page 4 of 11

injunction must be dissolved 'unless the owner can demonstrate that his right to limit liability will be prejudiced.'"[15] In this instance, "it is unnecessary to utilize a concourse since the limitation fund is not being apportioned among competing claimants."[16] Indeed, as the Supreme Court has explained, "[t]o retain the [limitation] cause would be to preserve the right of the shipowner, but to destroy the right of the suitor in the state court to a commonlaw remedy; to remit the cause to the state court would be to preserve the rights of both parties."[17] The Supreme Court added that "[t]he mere statement of these diverse results is sufficient to demonstrate the justice of the latter course."[18]

Mr. Horazdovsky, the claimant in this case, filed the underlying suit in state court in three capacities: individually, as next of friend to his minor son, and as personal representative of the Estate of Jennifer Horazdovsky.[19] Nonetheless, this case is governed by the single claimant exception.[20] Although the Ninth Circuit

---

[15] *Newton*, 718 F.2d at 961 (quoting *Universal Towing Co.*, 595 F.2d at 420); *see also Langnes v. Green*, 282 U.S. 531, 541–42 (1931);*The Helen L. Red Bluff Bay Fisheries, Inc., v. Jurjev*, 109 F.2d 884, 886 (9th Cir. 1940) ("[O]ne claimant appeared in response to the monition and it is not contended that there may be others . . . . Under these circumstances a refusal of the admiralty court to permit the claimant to pursue his common law remedy in the state tribunal would have been a clear abuse of discretion." (citations omitted)).

[16] *Universal Towing Co.*, 595 F.2d at 418.

[17] *Langes*, 282 U.S. at 541.

[18] *Id.*

[19] Docket 1-1 at 1.

[20] Mr. Horazdovsky does not contend that the single claimant exception applies in this case, instead relying on *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957), to support his motion to dissolve the injunction. Docket 119 at 3–5. The Martzes correctly point out, however, that *Lake Tankers* involves "an inapplicable exception that applies only where the vessel is worth more

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion to Dissolve the Injunction
Page 5 of 11
Case 3:20-cv-00152-SLG   Document 126   Filed 06/23/23   Page 5 of 11

has not yet decided this question, several circuits have held that it is "clear that where a single claimant brings a tort action in several capacities, for example, individually and as the administrator of the estate of a decedent killed in the maritime accident, only a single claimant situation is presented."[21]

For example, the Fifth Circuit determined that there was a single claimant for the purpose of dissolving an injunction when a "widow brought suit in Louisiana court for herself and her children and the estate of the deceased" after her husband drowned while working on a barge.[22] Similarly, in *In re Complaint of Kaya C, LLC*, the District Court for the Central District of California concluded that the single claimant exception applied where a plaintiff filed a complaint in state court

---

than the claims." Docket 120 at 10. Indeed, the amount of the claims filed in this proceeding exceed the value of the Nautique because Mr. Horazdovsky seeks damages "in excess of $100,000" and the Nautique's value is approximately $15,000. *Compare* Docket 1-1 at 3, ¶ 12, *with* Docket 1 at 4, ¶ 13.

[21] *Gorman v. Cerasia*, 2 F.3d 519, 525 (3d Cir. 1993) (first citing *In re Two "R" Drilling Co.*, 943 F.2d 576, 577 (5th Cir. 1991); then citing *In re Midland Enters., Inc.*, 886 F.2d 812, 815–16 (6th Cir. 1989); and then citing *In re Zapata Gulf Marine Corp.*, 787 F. Supp. 612, 614 (E.D. La. 1992) (explaining *Two "R" Drilling*)); *see also Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1041 (11th Cir. 1996) ("There is only a single claim arising from Myers' death, and it belongs to the personal representative of his estate. The beneficiaries of the estate, including the minor children, are not authorized to bring independent suits for their individual damages; rather, they must share in the single judgment, if any, obtained by the personal representative.").

[22] *See Two "R" Drilling*, 943 F.2d at 577; *see also Zapata Gulf Marine Corp.*, 787 F. Supp. at 614 ("Furthermore, an examination of the district court record in *Two "R"* reveals that there was only one claimant in that case, who sued in several capacities and on behalf of several other persons," including herself individually, "as administratrix of the estate of her deceased husband," and "as natural tutrix of the six minor children of herself and the decedent," asserting "three distinct claims for compensatory damages," including "(1) the decedent's own pain and suffering; (2) the claimant's own loss of consortium; and (3) the six children's loss of inheritance, love and affection, parental guidance, etc." "[T]he Fifth Circuit's *Two "R"* opinion stands for the proposition that the single claimant exception applies even when that single claimant represents others.").

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion to Dissolve the Injunction
Page 6 of 11
Case 3:20-cv-00152-SLG   Document 126   Filed 06/23/23   Page 6 of 11

"plead[ing] wrongful death and survivor claims under federal maritime law" as "the personal representative of an estate" and "represent[ing] multiple family members of the decedent."[23] And as the Sixth Circuit explained when considering a wrongful death action brought by the personal representative of the deceased, "[t]here can only be one judgment rendered" and while "[i]t is true that this judgment may have to be split among beneficiaries . . . this does not turn the claim into multiple claims."[24]

Moreover, when the Court issued the June 30, 2020, injunction, the "order serve[d] as notice to all persons that may claim damage sustained or occasioned or incurred by or resulting from the June 9, 2018 collision of the Nautique on Flat Lake" and "admonishe[d] them to file their respective claims with the Clerk of Court for the District of Alaska and to serve on or mail to counsel for Limitation Plaintiffs a copy thereof, or be defaulted, on or before August 31, 2020."[25] August 31, 2020, has since passed and the Court is not aware of, nor have the parties identified, any other claimants. Accordingly, Mr. Horazdovsky is the sole claimant and "nothing appears to suggest the possibility of any other claim."[26]

---

[23] Case No. CV 12-09357 MMM (CWx), 2013 WL 12116375, at *2, *4 (C.D. Cal. June 10, 2013).

[24] *Midland*, 886 F.2d at 816 (first citing *Futch v. Midland Enters., Inc.*, 471 F.2d 1195 (5th Cir. 1973); then citing *In re Mucho K, Inc.*, 578 F.2d 1156 (5th Cir. 1978); and then citing *Baltimore Sports & Recreation, Inc. v. Riley*, 1987 A.M.C. 1099, 1986 WL 15672 (D. Md. 1986)).

[25] Docket 17 at 6.

[26] *Langes*, 282 U.S. at 540.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion to Dissolve the Injunction
Page 7 of 11
Case 3:20-cv-00152-SLG   Document 126   Filed 06/23/23   Page 7 of 11

Because Mr. Horazdovsky is a single claimant who has filed a motion to dissolve the injunction, "'the court's discretion is narrowly circumscribed' and the injunction must be dissolved 'unless the owner can demonstrate that his right to limit liability will be prejudiced.'"[27] The Martzes' opposition to Mr. Horazdovsky's motion does not address prejudice.[28] Instead, the Martzes argue that the Court should deny Mr. Horazdovsky's motion to dissolve the injunction to avoid inefficiency and further delay.[29] Indeed, Mr. Horazdovsky filed this motion nearly one year after the case was remanded, but he has not provided any justification for this delay.[30]

The question before the Court, however, is whether dissolving the injunction would prejudice the Martzes' ability to limit their liability, and not whether dissolution would cause delay. As the Eighth Circuit explained in *Universal Towing Co. v. Barrale*, a shipowner did not show the requisite prejudice even though the dissolution of the injunction would cause additional expense, require the shipowner to duplicate their efforts in state court, and cause further delay.[31] The Eighth

---

[27] *Newton*, 718 F.2d at 961 (quoting *Universal Towing Co.*, 595 F.2d at 420).

[28] The Martzes do not use the term "prejudice" at all in their opposition, other than in an explanatory parenthetical. Docket 120 at 10.

[29] Docket 120 at 7–10.

[30] Moreover, in the Court's Order re Motion for Injunction Pending Appeal, decided on November 30, 2020, the Court identified the case law prioritizing Mr. Horazdovsky's right to pursue his state court remedies. Docket 53 at 14. Having already been made aware of the relevant case law, the appropriate time for Mr. Horazdovsky to file a motion to dissolve the injunction would have been promptly after the Ninth Circuit's mandate issued in June 2022. Docket 57.

[31] 595 F.2d at 420.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion to Dissolve the Injunction
Page 8 of 11
Case 3:20-cv-00152-SLG   Document 126   Filed 06/23/23   Page 8 of 11

Circuit's decision suggests that the additional expense, delay and inefficiency to a shipowner case do not establish prejudice for purposes of dissolving an injunction pursuant to the "saving to suitors" exception to federal admiralty jurisdiction, and the Martzes do not identify any decision holding otherwise.

The Martzes also contend that the Court should deny Mr. Horazdovsky's motion to dissolve the injunction because he has waived his right to seek this relief.[32] However, the Court has not identified case law at the intersection of the Limitation of Liability Act and the "saving to suitors" exception to federal admiralty jurisdiction in which a court denied a motion to dissolve an injunction because the right to dissolve the injunction was found to have been waived. The cases upon which the Martzes rely to support their waiver argument were not filed pursuant to the Limitation of Liability Act and do not shed light on this question.[33]

Before a court may dissolve an injunction pursuant to the single claimant exception, "a claimant 'must' stipulate to the following: (1) that the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the

---

[32] Docket 120 at 5–7.

[33] Docket 120 at 5–7 (first citing *ECB USA, Inc. v. Chubb Ins. Co.*, No. 20-cv-20569, 2022 WL 580442, at *2–3 (S.D. Fla. Feb. 25, 2022) (denying motion for reconsideration with respect to the scope of coverage of an insurance policy because those arguments had been waived); then citing *Bynum v. City of Pittsburg*, 622 F. Supp. 196, 197–98 (N.D. Cal. 1985) (denying motion to dismiss second amended complaint in civil rights case brought pursuant to 42 U.S.C. § 1983 because the court had already heard and rejected the movant's arguments); then citing *Alaska R.R. Corp. v. Flying Crown*, No. 20-cv-232, 2022 WL 2965535, at *1–2 (D. Alaska June 30, 2022) (denying motion for reconsideration in a case about an exclusive-use easement); and then citing *Plymouth Cnty. ex rel. Raymond v. MERSCORP, Inc.*, 287 F.R.D. 449, 464 (N.D. Iowa 2012) (denying post-dismissal motion to amend in case involving claims for unjust enrichment, civil conspiracy, and piercing the corporate veil)).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion to Dissolve the Injunction
Page 9 of 11
Case 3:20-cv-00152-SLG   Document 126   Filed 06/23/23   Page 9 of 11

right to claim *res judicata* based on any judgment rendered against the vessel owner outside of the limitation proceedings; and (3) concede the district court's exclusive jurisdiction to determine limitation of liability issues."[34]

In *Newton v. Shipman*, the Ninth Circuit held that a claimant had "substantially satisfied the required stipulations" where the claimant "did not object to the sufficiency of the fund or the method of computing it" and stipulated as follows: "Claimant acknowledges the Court's right to try the 'limitation' features of the petition, and waives any claim of *res judicata* relevant to the issue of limited liability based upon any judgment obtained in the jury trial."[35]

In this case, Mr. Horazdovsky satisfied the first requirement by stipulating that this Court has exclusive jurisdiction to determine the proper value of the Limitation Fund and that Mr. Horazdovsky would "not execute against Limitation Plaintiffs on the verdict or judgment [if it were obtained in state court] in excess of the Nautique's value to be decided by this Court pending adjudication of the claims made in the Complaint of Limitation of Liability."[36] Mr. Horazdovsky has also satisfied the other two requirements: he has stipulated that any decision in Alaska Superior Court Case No. 3AN-20-6488CI would not be *res judicata* as to the

---

[34] *Ross Island Sand & Gravel*, 226 F.3d at 1017 (citing *Newton*, 718 F.2d at 962).

[35] *Newton*, 718 F.2d at 963.

[36] Docket 119-2 at 2. *See Anderson v. Nadon*, 360 F.2d 53, 56, 58 (9th Cir. 1966) (holding that stipulation providing that "if [claimant] is permitted to sue in the state court respondents will not seek to enforce and collect any judgment against petitioner therein obtained, except in and through the limitation proceedings" was adequate).

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion to Dissolve the Injunction
Page 10 of 11
Case 3:20-cv-00152-SLG   Document 126   Filed 06/23/23   Page 10 of 11

limitation issues,[37] and he has conceded the district court's "exclusive jurisdiction" over all questions concerning the right to limitation, including "(1) Limitation Plaintiffs' right to limit liability; (2) the proper value of the Limitation Fund; and (3) all matters affecting the right of Limitation Plaintiffs to limit liability herein."[38]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the *Motion to Dissolve the Injunction Dated June 30, 2020 and Stay this Limitation Action* at Docket 119 is GRANTED. The injunction dated June 30, 2020, and reinstated by this Court on July 11, 2022, is DISSOLVED. This case is STAYED and all deadlines are VACATED pending the resolution of Alaska Superior Court Case No. 3AN-20-6488CI. The parties are directed to file a joint status report with this Court every six months, with the first report due on December 31, 2023. The parties are further directed to file a joint status report with this Court within 14 days after the resolution of the state case. The Clerk of Court is directed to serve notice of this order on the Alaska Superior Court in Case No. 3AN-20-6488 CI.

DATED this 23rd day of June 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[37] Docket 119-2 at 2. *See Newton*, 718 F.2d at 963 (holding that the claimant "substantially satisfied the required stipulations" by stipulating that the claimant "waive[d] any claim of *res judicata* relevant to the issue of limited liability based upon any judgment obtained in the jury trial").

[38] Docket 119-2 at 2.

Case No. 3:20-cv-00152-SLG, *In re Complaint of Martzes*
Order re Motion to Dissolve the Injunction
Page 11 of 11
Case 3:20-cv-00152-SLG   Document 126   Filed 06/23/23   Page 11 of 11